## General State Authority v. Yorkshire Insurance Company of New York

*William R. Mark,* for plaintiff.

*Harold S. Irwin, Jr., Irwin, Irwin & Irwin,* for defendant.

SHUGHART, P.J., May 3, 1965.—The above action involves a suit by the supplier to a subcontractor, for a building erected by the General State Authority, against the surety on the bond of the general contractor. In an opinion and order filed February 24, 1965,

preliminary objections to plaintiff's complaint were overruled. On application of counsel for defendant, leave to reargue the matter was granted. It has been reargued and is again before the court for decision.

The General State Authority Act of March 31, 1949, P. L. 372, 71 PS §1707.11, provides that all suits against the sureties on performance bonds under the General State Authority shall be brought within one year from the time the cause of action accrued. The bond involved here provides, in substance, that the supplier of a subcontractor shall have no right of action upon the performance bond, unless such person shall have given written notice to the general contractor or his surety not later than 90 days from the date the last materials were furnished, setting forth the amount claimed and naming the party to whom the materials were furnished. Defendant contends that this provision is binding upon plaintiff and it modifies the statute of limitations provided in the General State Authority Act.

In the prior opinion and order, we held that this provision was not binding upon plaintiff in this case.

Section 11 of The General State Authority Act of March 31, 1949, P. L. 372, as amended, 71 PS §1707.11, provides, in substance, that any contract under the Authority shall be accompanied by a bond for the protection of those who furnish labor and material or rental equipment in such amount and subject to the same terms and conditions as recommended by The Administrative Code of April 9, 1929, P. L. 177, as amended, on contracts entered into by the Department of Property and Supplies for the erection of buildings.

As indicated in the prior opinion, section 2408(h) of The Administrative Code, 71 PS §638(h), refers to the performance bonds that shall be required on contracts entered into by the Department of Property and Supplies of the Commonwealth. No reference is con-

tained in this statute regarding the 90-day notice provision as contained in the bond in this case. A reargument was allowed because counsel for defendant now contends that the foregoing provision in The Administrative Code was amended by the Act of June 22, 1931, P. L. 881, 53 PS §1294. Section 2 of this act provides, inter alia, as follows:

"Whenever the Commonwealth of Pennsylvania, acting by or through any department or agency thereof, or any municipality therein, shall require any person . . . entering into a contract with such department, agency, or municipality for any public work or improvement, to execute and deliver to such department . . . an additional bond, as required by law, conditioned for the payment of material furnished and labor supplied or performed in the prosecution of any such public work or improvement, then, in such event, every person . . . shall have the right to sue in assumpsit on said additional bond, in the name of the Commonwealth . . ."

Section 3 of the act provides that:

"No such suit shall be *commenced prior to ninety (90) days from the date upon which the* said person . . . performed the last of the material or labor for which the said claim is made; and every such suit shall be commenced not later than one (1) year from the *date of final settlement under the said contract with the Commonwealth,* acting by or through its said department or agency, or with the said municipality." (Italics supplied.)

Section 4 of the act provides:

"Any such person . . . who has no contractual relationship, express or implied, with the contractor furnishing the said additional bond, shall not have a right of action upon said additional bond, *unless the said person . . . shall have given written notice to said contractor, or to his, their, or its surety, not later than*

*ninety (90) days from the date on which the said per-son* . . . furnished, supplied, or performed the last of the material or labor for which the said claim is made, stating, with substantial accuracy, the amount claimed and the name of the party with whom the said person, co-partnership, association, or corporation contracted." (Italics supplied.)

This statute makes no reference whatsoever to The Administrative Code; nor, in fact, does The Administrative Code, as amended, make any reference to this statute. Counsel contends, however, that this statutory provision, in effect, modifies and qualifies The Administrative Code and imposes upon it the 90-day notice provision contended for by defendant.

In the construction of any statute, it is incumbent upon the court to ascertain and effectuate the intention of the legislature. It is clear from sections 3 and 4 of the Act of 1931, supra, that the legislature provided for a one-year statute of limitations from the *date of final settlement under the contract with the Commonwealth, provided that no* suit shall be commenced *prior to 90 days from the date* upon which the last materials were supplied or work furnished. Further, *no supplier to a subcontractor can sue on the bond unless he shall have given notice to the contractor or his surety of his claim within 90 days after he has furnished the materials or labor.* It is plain that these provisions differ substantially from the limitation of action imposed by the General State Authority statute which fixes the one year within which to bring suit from the time when the cause of action arose. As indicated in the prior opinion, if the 90-day provision is effective, the one-year statute of limitations provided by The General State Authority Act is reduced to 90 days, unless notice is given. The General State Authority Act was passed in 1949, or some 18 years following the Act of 1931. The legislature is charged with knowledge of the provisions of the

Act of 1931. It is inconceivable that the legislature intended to incorporate the 90-day notice provision of the Act of 1931 and not to incorporate the provision respecting the time from which the one-year limitation ran. If the latter were adopted, it would be in direct conflict with the provisions of The General State Authority Act itself. If the legislature had intended to incorporate the provisions of this statute respecting limitations of actions into the 1949 General State Authority Act, it is clear that it could have, and undoubtedly would have, so provided. We cannot write into the act a provision they saw fit to omit.

The Administrative Code, in the section providing for performance bonds, contains no provision whatsoever limiting the cause of action on such bonds as to time or conditions precedent thereto. It provides for the ascertainment of the amount of such bonds, for the department that shall hold the bond and for the rights to maintain suit on such bonds. It would be ridiculous to assume that the legislature would set forth in clear language the period of limitation for actions under The General State Authority Act and then intend to incorporate by reference a statute passed some 18 years before that has a completely inconsistent provision respecting limitation of action.

We feel this reason alone is sufficient to support the conclusion that the provisions of the Act of 1931 have no bearing whatsoever in the instant case and that the 90-day provision for notice is not applicable.

Counsel for defendant has cited the case of School District of Pittsburgh v. Trimble Construction Co., 111 Pitts. L. J. 507, as supporting his contention. This case involved a suit on a performance bond given to a school district. Section 1 of the Act of 1931, supra, provides that the word "municipality" shall include "school districts." The act was, therefore, directly applicable to the bond given to the school district and

not because it impliedly amended The Administrative Code, as contended here. The decision is, therefore, inapposite.

There are other reasons, however, that support our conclusion. The Administrative Code of the Commonwealth is a very important codification of laws respecting our State government. Since its initial enactment in 1929, it has been amended on countless occasions. On each occasion that it has been amended, the legislature has clearly indicated that it was amending a provision of the code. No case has been cited to us where any court has held that The Administrative Code has been amended or altered or modified by a statutory provision which made no reference to the code in its body.

The legislature has clearly indicated an intention to protect those who supply labor, materials and equipment under contracts involving the General State Authority. It cannot be held to have intended to cut off such a person's legal right to recover by any statutory provision that is contrary to the statute of limitations of the act itself, that is nowhere to be found in The Administrative Code to which The General State Authority Act refers, that is found only in an act passed 18 years before The General State Authority Act, and that fails to refer in any way to The General State Authority or any contracts executed by it.

With full realization of the importance of the code, we do not believe that the legislature ever intended to modify The Administrative Code by the statute referred to here. As is stated by Mr. Justice Musmanno in Creighan v. Firemen's Relief and Pension Fund Board, 397 Pa. 419, 425: ". . . we are not empowered to build a bridge of interpretation from one law to another which are in no way legislatively associated with one another."

We conclude that the provisions of the Act of 1931 relied upon by defendant are in no way applicable to

this case; and, for the reasons set forth in this and in the prior opinion, we feel that the preliminary objections are properly overruled. We deem it unnecessary to repeat what was said in the prior opinion.

### ORDER OF COURT

And now, May 3, 1965, at 8:45 a.m. (EST), after reargument and after careful consideration, the preliminary objections heretofore filed be and are hereby overruled, and defendant is given a period of 20 days within which to file an answer on the merits.